```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DIONISO MELO, *et al.*,                             :
                                                    :
                            Plaintiffs,             :
           -against-                                :       1:24-cv-4726-GHW
                                                    :
ERIC ROJAS EUSEBIO, *et al.*,                       :       ORDER
                                                    :
                            Defendants.             :
                                                    :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On May 22, 2024, Plaintiffs Dioniso Melo and Silvia Duran filed this personal injury case in the New York State Supreme Court, Bronx County. Dkt. No. 1-1 (State Complaint). They sue four Defendants: HSG Logistics ("HSG"), Harpreet Singh, Eric Eusebio-Rojas and Thomas Dexter.[1] The lawsuit arises out of a multi-vehicle accident that occurred on May 26, 2023 on the Harlem River Drive in New York City. *Id.* ¶ 11. On June 21, 2024, HSG and Mr. Singh (the "Removing Defendants") removed this case to federal court. Dkt. No. 1 (Notice of Removal).

On January 3, 2025, Mr. Melo filed a motion to remand pursuant to 28 U.S.C. § 1447, asserting a lack of diversity jurisdiction. Dkt. No. 26 ("P. Mem."). Mr. Melo argues that complete diversity does not exist because both he and Mr. Eusebio-Rojas were domiciled in New York when the action commenced. In support of his motion, Mr. Melo attached an affidavit signed by Mr. Eusebio-Rojas, which is dated October 3, 2024. P. Mem. Exhibit Q (the "Affidavit"). In the Affidavit, Defendant Eusebio-Rojas asserts that he lived in Florida from at least February 2018 until December 2021, at which point he "moved back to Bronx, NY, and [has] not lived anywhere else since then." *Id.* ¶ 4. He also asserts that he has a Florida driver's license, which was issued in February 2018 when he lived in the state. *Id.* ¶ 3.

---

[1] The spelling of Mr. Eusebio-Rojas's name is inconsistent across various filings. For purposes of this Order, the Court adopts the spelling used in the affidavit signed by Mr. Eusebio-Rojas. *See* Dkt. No. 26-17.

The Removing Defendants oppose Plaintiff's motion to remand. They argue that complete diversity exists because Mr. Eusebio-Rojas was domiciled in Florida when the lawsuit commenced in May 2024. Dkt. No. 28 ("Opp."). As evidence, they attach the police report associated with the May 26, 2023 accident. Opp. Exhibit A. The police report lists an Orlando, Florida address for Mr. Eusebio-Rojas and indicates that his driver's license was issued in Florida. *Id.* The Removing Defendants also note that service of process was effectuated by certified mail to his Florida residence, although the Certificate of Service return receipt is largely incomplete. Opp. at 5; P. Mem. Exhibit B ("Certificate of Service") at ECF p. 7. Finally, the Removing Defendants cite the fact that the answer filed in state court by Mr. Eusebio-Rojas, which is dated September 18, 2024, "does not deny the allegation in Plaintiff's complaint that he 'was and still is a resident of the State of Florida.'" *See* Opp at 5; P. Mem Exhibit F (the "Answer"). The Answer is signed by Mr. Eusebio-Rojas's attorney, and states:

> [T]he reason this affirmation is made by affirmant and not Defendants, Eric Rojas Eusebio . . . is because the said (s) are not within the County of New York where affirmant's office is located. The ground defendant of affirmant's belief as to all matters not stated to be upon affirmant's knowledge are information and investigation obtained by affirmant in the course of affirmant's duties as attorney for Defendants, Eric Rojas Eusebio . . . .

Answer at ECF p. 8. Based on these asserted facts, the Removing Defendants contend that Mr. Eusebio-Rojas was domiciled in Florida when the suit was commenced in May 2024.

"In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced, and '[i]t is . . . hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction.'" *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) (internal citations omitted). "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with 'competent proof' if a party opposing jurisdiction properly challenges those allegations . . . or if the court *sua sponte* raises the question." *Id.*

"A party's citizenship for purposes of the diversity statute, is a mixed question of fact and law." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal citations omitted). "Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 96 (E.D.N.Y. 2019) (citing *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy,* 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009), *aff'd*, 406 F. App'x 507 (2d Cir. 2010)). "Where there is evidence of more than one residence, or the residence is not clear, the court looks to the party's intent." *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d at 96. "A court 'should not rely on self-serving declarations in evaluating where a party was domiciled for the purposes of diversity jurisdiction.'" *Id.* "In addition to a party's statement, a court examining intent considers many factors including, *inter alia*, the party's current residence . . . driver's license and automobile registration, location of brokerage and bank accounts . . . the nature of the residence (i.e., how permanent the living arrangement appears) [and other factors]." *Id.*

"[W]here jurisdictional facts are placed in dispute, the court has the . . . obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (citing *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000) (stating that when a defendant "challenge[s] the factual basis of the court's jurisdiction, the court may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant . . . [but must i]nstead . . . go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss"))); *see also Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (explaining that "[t]n resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," but "'may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Id. (*quoting *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir.

2000)). "A 'district court retains 'considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction.'" *APWU*, 343 F.3d at 627. "A district court has discretion to hold a hearing to resolve factual disputes that bear on the court's jurisdiction . . . ." *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008).

In this case, "jurisdictional facts have been placed in dispute." *See APWU*, 343 F.3d at 627. The parties dispute whether Mr. Eusebio-Rojas lived outside of New York on the date the case was filed. On the one hand, Plaintiff offers the Affidavit signed by Mr. Eusebio-Rojas asserting that he has "not lived anywhere else" other than New York between December 2021 and October 3, 2024, the date the Affidavit was signed. *See* Affidavit ¶ 4. At the same time, counsel for Mr. Eusebio-Rojas filed an Answer dated September 18, 2024 in which he "does not deny the allegation in Plaintiff's complaint that he 'was and still is a resident of the State of Florida.'" Opp. at 5. Additionally, the Removing Defendants contend that Mr. Eusebio-Rojas was served in Florida, but the Certificate of Service return receipt is almost entirely blank. *See* Certificate of Service at ECF p. 7.

Therefore, the Court will hold an evidentiary hearing to "ferret out the facts pertinent to jurisdiction.'" *APWU*, 343 F.3d at 627. The Court will hold a conference to discuss the timing and structure of the hearing by telephone on March 14, 2025 at 3:00 p.m. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Individual Rules.

SO ORDERED.

Dated: March 5, 2025  
New York, New York

GREGORY H. WOODS  
United States District Judge