UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/2025

DIONISO MELO, *et al.*,                          :
                                                 :
                                    Plaintiffs,  :
                                                 :
                    -against-                    :          1:24-cv-4726-GHW
                                                 :
ERIC ROJAS EUSEBIO, *et al.*,                    :              ORDER
                                                 :
                                    Defendants.  :
                                                 :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

## I.    PROCEDURAL HISTORY

Plaintiffs Dioniso Melo and Silvia Duran filed this personal injury case in the New York

State Supreme Court, Bronx County on May 22, 2024.  Dkt. No. 1-1 (State Complaint).  They sued

four Defendants:  HSG Logistics Inc. ("HSG"), Harpreet Singh, Eric Eusebio-Rojas and Thomas

Dexter.[1]  On June 21, 2024, HSG and Mr. Singh (the "Removing Defendants") removed this case to

federal court.  Dkt. No. 1 (Notice of Removal).  The Removing Defendants did not seek the

consent of Mr. Eusebio-Rojas or Mr. Dexter to the removal, notwithstanding the fact that they had

been served.  *See* Dkt. No. 26-2.

On January 3, 2025, Mr. Melo filed a motion to remand this case pursuant to 28 U.S.C.

§ 1447, asserting that the Court lacks subject matter jurisdiction because the parties are not

completely diverse.  Dkt. No. 26 ("P. Mem.").  Mr. Melo argued that complete diversity does not

exist because both he and Mr. Eusebio-Rojas were domiciled in New York when the action

commenced.  In support of his motion, Mr. Melo submitted an affidavit signed by Mr.

Eusebio-Rojas, which is dated October 3, 2024.  P. Mem. Exhibit Q (the "Affidavit").  In the

Affidavit, Mr. Eusebio-Rojas asserted that he lived in Florida from at least February 2018 until

---

[1] Mr. Eusebio-Rojas's name is not spelled consistently throughout this case's filings.  For purposes of this Order, the Court adopts the spelling used in the affidavit signed by Mr. Eusebio-Rojas.  *See* Dkt. No. 26-17.

December 2021, at which point he "moved back to Bronx, NY, and [has] not lived anywhere else since then." *Id.* ¶ 4. He also asserted that he has a Florida driver's license, which was issued in February 2018 when he lived in the state. *Id.* ¶ 3.

In his motion, Mr. Melo also contended that the Removing Defendants had violated the "rule of unanimity," established under 28 U.S.C. § 1446(b)(2). P. Mem. at 15-16. The motion noted that neither Mr. Eusebio-Rojas nor Mr. Dexter had consented to the removal request, as required by that statute. *Id.* Mr. Melo argued that remand was required as a result of the violation of that procedural requirement.

The Removing Defendants opposed Plaintiff's motion to remand. Dkt. No. 28 ("Opp."). They argued that complete diversity exists because Mr. Eusebio-Rojas was domiciled in Florida when the lawsuit commenced in May 2024. In support of that argument, they submitted the police report associated with the May 26, 2023 accident. Opp. Exhibit A. The police report listed an Orlando, Florida address for Mr. Eusebio-Rojas and indicated that his driver's license had been issued in Florida. *Id.* The Removing Defendants also noted that service of process was effectuated by certified mail to his Florida residence. Opp. at 5; P. Mem. Exhibit B ("Certificate of Service") at ECF p. 7.

Finally, the Removing Defendants cited the fact that the answer filed in state court by Mr. Eusebio-Rojas' counsel, which is dated September 18, 2024, "does not deny the allegation in Plaintiff's complaint that he 'was and still is a resident of the State of Florida.'" *See* Opp at 5; P. Mem. Exhibit F (the "Answer"). The Answer is signed by Mr. Eusebio-Rojas's attorney and states:

> [T]he reason this affirmation is made by affirmant and not Defendants, Eric Rojas Eusebio . . . is because the said Defendant(s) are not within the County of New York wherein affirmant's office is located. The ground of affirmant's belief as to all matters not stated to be upon affirmant's knowledge are information and investigation obtained by affirmant in the course of affirmant's duties as attorney for Defendants, Eric Rojas Eusebio . . . .

Answer at ECF p. 8. Based on these asserted facts, the Removing Defendants contended that Mr. Eusebio-Rojas was domiciled in Florida when the suit was commenced in May 2024.

In their opposition, the Removing Defendants acknowledged that they failed to comply with the rule of unanimity. Opp. at 7. However, they noted that the motion to remand the case had been filed too late—more than 30 days after filing the notice of removal. *Id.* As a result, the Removing Defendants correctly pointed to 28 U.S.C. § 1447(c), which provides that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Because the motion to remand had not been filed within that 30 day period, the Removing Defendants contended, his failure to comply with the rule of unanimity could not justify remand of the action. Opp. at 7. The motion was fully briefed when Mr. Melo filed his reply on January 27, 2025. Dkt. No. 28.

On March 5, 2025, the Court entered an order scheduling a conference to discuss the motion. Dkt. No. 30 (the "Scheduling Order"). In the Scheduling Order, the Court noted that each side had presented contradictory facts in support of its position. As a result, the Court anticipated that it would hold a hearing to resolve the disputed issues of fact, and that Mr. Eusebio-Rojas— whose domicile was at issue—would likely be called as a witness at that hearing. Although the Scheduling Order alerted the parties to the topic of the conference, not all parties were prepared to discuss how to proceed. In particular, counsel for the Removing Defendants did not articulate a framework for an evidentiary hearing to prove their view of the facts. As a result, the Court requested that the parties meet and confer regarding whether the Court should resolve the motion on the basis of the written submissions, or if it should, instead, conduct a hearing, and, if so, how the hearing should be structured.

Each of the parties submitted responsive letters to the Court on March 21, 2025. Dkt. Nos. 32, 33. Both Mr. Melo and the Removing Defendants agreed that the Court should resolve the

3

motion on the basis of the parties' written submissions, rather than conduct a hearing to resolve the disputed issues of fact.  The Court now does that here.

## II.    LEGAL STANDARD

The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject-matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c)  "Because 'statutory procedures for removal are to be strictly construed,' we 'resolv[e] any doubts against removability.'"  *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) (quoting *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007)).  "Pivotally, the removing party bears the burden of demonstrating both the existence of subject-matter jurisdiction and compliance with the relevant procedural requirements, including the rule of unanimity."  *Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, 2015 WL 1730067, at *7 (S.D.N.Y. Apr. 14, 2015) (collecting cases) (internal citations and quotation marks omitted).

Here, the Court finds that the Removing Defendants have failed to establish subject matter jurisdiction.  As a result, remand is required.  "In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced, and '[i]t is . . . hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction.'"  *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) (internal citations omitted).  "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with 'competent proof' if a party opposing jurisdiction properly challenges those allegations . . . or if the court *sua sponte* raises the question."  *Id.*

"A party's citizenship for purposes of the diversity statute, is a mixed question of fact and law."  *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal citations omitted).  "Domicile is not synonymous with residence; a party can reside in one place and be domiciled in

another." *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 96 (E.D.N.Y. 2019) (citing *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009), *aff'd*, 406 F. App'x 507 (2d Cir. 2010)). "Where there is evidence of more than one residence, or the residence is not clear, the court looks to the party's intent." *Finnegan*, 409 F. Supp. 3d at 96. "A court 'should not rely on self-serving declarations in evaluating where a party was domiciled for the purposes of diversity jurisdiction.'" *Id.* "In addition to a party's statement, a court examining intent considers many factors including, *inter alia*, the party's current residence . . . driver's license and automobile registration, location of brokerage and bank accounts . . . the nature of the residence (*i.e.*, how permanent the living arrangement appears) [and other factors]." *Id.*

"[W]here jurisdictional facts are placed in dispute, the court has the . . . obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (citing *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000) (stating that when a defendant "challenge[s] the factual basis of the court's jurisdiction, the court may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant . . . [but must i]nstead . . . go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss"))); *see also Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (explaining that "[i]n resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," but "'may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing.") (internal citations omitted). "A 'district court retains 'considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction.'" *APWU*, 343 F.3d at 627. "A district court has discretion to hold a hearing to resolve factual disputes that bear on the court's jurisdiction . . . ." *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008).

### III.    ANALYSIS

The Removing Defendants have not met their burden to demonstrate that the Court has subject matter jurisdiction in this case.  As the Court laid out in the Scheduling Order, Mr. Melo and the Removing Parties have each presented affidavits supporting their respective views regarding the domicile of Mr. Eusebio-Rojas on the date that this action was filed.  Mr. Melo submitted an affidavit from Mr. Eusebio-Rojas affirming that he lived in New York on that day.  The Removing Defendants have presented evidence, which, they contend, establishes that Mr. Eusebio-Rojas lived in Florida.

The Removing Defendants' evidence is not sufficient to meet their burden of proof.  The Court has reviewed all of the evidence presented by the parties and concludes that the Removing Defendants have not demonstrated by a preponderance of the evidence that Mr. Eusebio-Rojas was a citizen of a state other than New York—in particular, Florida.  The affidavit signed by Mr. Eusebio-Rojas clearly affirms that he was a New Yorker.  The affidavit explains why he had a Florida driver's license, notwithstanding the fact that he resided in this state—because Mr. Eusebio-Rojas lived there before moving to New York.  The Florida address indicated for Mr. Eusebio-Rojas in the police report can be explained by the address on his driver's license—it is not wholly inconsistent with Mr. Eusebio-Rojas' affirmation that he resided in New York on the date that the action commenced.

Mr. Eusebio-Rojas was served at a Florida address, but he was served by mail, rather than in person.  As a result, the affidavit of service does not definitively establish that he lived at the service address.  And, as noted in the Scheduling Order, the state court answer in which Mr. Eusebio-Rojas failed to deny that he resided in Florida was verified by his counsel, not Mr. Eusebio-Rojas, and was expressly based on his counsel's "information and investigation"—which may have simply been wrong.  In the face of a categorical affirmation by Mr. Eusebio-Rojas, the Removing Defendants' evidence is not sufficient to meet their burden of proof.

It is undisputed that the Removing Defendants violated the rule of unanimity when they removed this action.  That violation is not the basis for the Court's decision to remand this action. As the Removing Defendants argue, Mr. Melo waived his opportunity to raise that procedural defect because he filed his motion to remand more than 30 days after removal of this case.  However, a motion to remand for lack of subject matter jurisdiction is not limited by that rule.  *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)." (emphasis added)).

## IV.    CONCLUSION

For the reasons described above, the Removing Defendants have failed to establish that complete diversity exists and the plaintiff's motion to remand is GRANTED.  The Clerk of Court is directed to close all pending motions and to remand this case to New York State Supreme Court in Bronx County without delay.

SO ORDERED.

Dated:  March 27, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge